## Ross Estate

*A. Sidney Johnson, Jr.* and *Lloyd A. Good, Jr.*, for accountants.

*Harry J. Martin, Jr.*, for devisee.

VAN RODEN, P. J., March 8, 1967.—Decedent died November 3, 1965, survived by no spouse, issue, or adopted children. . . .

The court has been presented with three problems of interpretation with respect to decedent's will.

I. *Is the devise of real estate free and clear of Pennsylvania transfer inheritance tax?*

Articles Second and Third of decedent's will are relevant to the first problem of interpretation. They read as follows:

"SECOND: I give and bequeath the following legacies,to the following named persons, free and clear of all State and Federal Death taxes:

"(a) To my sister, LAURA WILLIAMS, the sum of Five thousand Dollars ($5,000.00).

"(b) To my sister, RUBY JOHNSTON, the sum of One thousand Dollars ($1,000.00).

"(c) To my nephew, HOWARD JOHNSTON, the sum of Ten thousand Dollars ($10,000.00).

"(d) To my maid, EDNA DAWSON, the sum of One thousand Dollars ($1,000.00).

"THIRD: I give and devise premises 887 Main Street, Darby, Pennsylvania, equally to and between my nephew, HOWARD JOHNSTON, and my friend, DR. BENJAMIN HENRY STEWART, share and share alike, they to hold the same absolutely and in fee as tenants in common".

Decedent's will does not contain a general tax clause. In fact, the only specific reference made to State and Federal death taxes is contained in article Second of the will.

All parties in interest concede that the source of payment of Pennsylvania transfer inheritance tax is controlled by section 718 of the Inheritance and Estate Tax Act of June 15, 1961, P. L. 373, as amended July 26, 1963, P. L. 325, sec. 2, 72 PS §2485-718, which reads as follows:

"(a) Outright Devises and Bequests. In the absence of a contrary intent appearing in the will, the inheritance tax imposed by this act on the transfer of property which passes by will absolutely and in fee, and which is not part of the residuary estate, shall be paid out of the residuary estate and charged in the same manner as a general administration expense. Such pay-

ment shall be made by the personal representative and, if not so paid, shall be made by the transferee of the residuary estate".

It is the contention of accountants that the presence of the specific exemption from State inheritance taxes with respect to the pecuniary legacies provided for in article Second of decedent's will and the absence of a similar exemption with respect to the devise of real estate gives rise to the implication that decedent did not intend to free the devisees of the real estate from the responsibility of paying Pennsylvania transfer inheritance tax. The Latin maxim "Includio unius excludio alterius" and three cases in the Orphans' Court of Philadelphia, namely, Speitel Estate, 30 D. & C. 2d 338, 13 Fiduc. Rep. 426 (1964); O'Neill Estate, 34 D. & C. 2d 63, 15 Fiduc. Rep. 21 (1964), and Schlepfer Estate, 37 D. & C. 2d 583 (1965), were relied upon by accountants in support of their contention.

Dr. Benjamin Henry Stewart, one of the devisees, objected to the position of accountants. The doctor, by his counsel, contends that the Pennsylvania transfer inheritance tax with respect to the devise of real estate should be paid from decedent's residuary estate. In support of this position, such counsel argues that the specific exemption from payment of inheritance tax contained in article Second with respect to the pecuniary legacies was intended by decedent to carry over and apply to all devises and bequests, except the residuary legacies.

After a careful review of the oral arguments presented by the parties in interest, the memorandum and brief submitted by the accountants and the authorities to which the attention of this court has been called, the court adopts the conclusion advocated by the objector and devisee, Dr. Benjamin Henry Stewart, with respect to the first problem of interpretation for the reasons which are hereinafter set forth.

The basic question for decision is whether, under the facts presented in the instant case, the court will imply an obligation to pay Pennsylvania transfer inheritance taxes in connection with a devise of real estate where no such obligation is explicitly stated.

The hereinbefore cited cases decided in the Orphans' Court of Philadelphia County are distinguishable from the situation presented by decedent's will. In Speitel Estate, supra, certain pecuniary legacies were exempted from tax and others were not. Speaking for the court in the Speitel case, Judge Shoyer wrote:

. "Had she intended to exonerate from those taxes any or all of the 11 other outright bequests, she would have so provided. Her failure so to do, since she knew how, can only be because she intended those legacies not to be relieved of the tax burden".

In O'Neill Estate, supra, testator left numerous pecuniary legacies and, in a subsequent paragraph of the will, exonerated two designated legacies from tax. The court held that by exonerating two, testator showed an intent to make the others bear their share of taxes. However, it should be noted that both of the aforesaid cases involved only pecuniary legacies. Since the legacies exonerated from tax were the same type as the other legacies in question, application of the concept of "Includio unius excludo alterius" was a reasonable method of solving the problem with which the court was presented.

In Schlepfer Estate, supra, testatrix made a specific bequest of personal property free of tax and provided for pecuniary legacies without mention of taxes. Judge Lefever, in his opinion in that case, stated that by exempting the one bequest, testatrix expressed her intent by implication not to exonerate the others. In Schlepfer Estate, it should be noted that the legacy which was exonerated from tax (being referred to by the court as a specific legacy) would, in the event of a problem of

abatement, have occupied a higher priority of distribution than the general pecuniary legacies. See Fiduciaries Act of April 18, 1949, P. L. 512, sec. 751, 20 PS §320.751.

The present case differs from the Philadelphia County cases in that in the latter cases, the legacies which were specifically exonerated from payment of taxes had the same or a higher priority of distribution than the legacies which, by implication, were subjected to payment of inheritance tax; whereas, in the present case, the legacies specifically exonerated from payment of taxes occupy a lower priority of distribution than the devise which is not specifically exempted from such payment. See section 751 of the Fiduciaries Act of 1949, supra.

Since interpretation of a will by implication is, in a sense, interpretation of what a testatrix did not say, this court is of the opinion that implications should not be used to resolve problems of interpretation until the expressed intent of testatrix has been fully analyzed. This is particularly so in light of the fact that there is no precise limit to the extent and scope of interpretation by implication.

In effect, a requirement that a legatee must pay his share of death taxes applicable to a legacy is equivalent to a partial abatement of the same. In the case of a pecuniary legacy, it is easy enough for the legatee to discharge his obligation concerning taxes by using a portion of the legacy in payment thereof. However, where specifically bequeathed or devised property is involved, the specific legatee or devisee may have to sell the item bequeathed or devised to discharge the applicable tax burden, unless such legatee or devisee has sufficient other assets which he chooses to use to discharge that burden. To interpret a will in a manner which might require a specific legatee or devisee to sell the very item given to him by testatrix is something this court

is reluctant to do in the absence of a clear statement by testatrix or a statute requiring such interpretation.

On the facts of the present case, this court is not persuaded that testatrix, by exempting certain legacies from payment of all Federal and State death taxes, intended by implication to subject a devise with a higher priority of distribution to payment of such taxes. Accordingly, it is the conclusion of this court that the devise of real estate in the present case is free and clear of any obligation to pay Pennsylvania transfer inheritance tax applicable thereto, since no intent to impose such obligation is evidenced by decedent's will.

II. *Is the devise of real estate free and clear of an obligation to pay its proportionate share of Federal estate taxes?*

The heretofore quoted sections of decedent's will are also relevant to the disposition of this second problem of interpretation. The contention of the parties is similar to the contentions made with respect to the first interpretative question. However, whereas section 718 of the Inheritance and Estate Tax Act of 1961 laid down the guidelines for decision of the first question, sections 2 and 3 of the Estate Tax Apportionment Act of August 24, 1951, P. L. 1405, 20 PS §§ 882 and 883, set forth the statutory guidelines applicable to the present question:

"Section 2. Equitable Apportionment.—Estate tax, except as provided in subsection (a) of section three, shall be apportioned equitably, as near as may be in accordance with the principles hereinafter stated, among all persons interested in property includible in gross estate, whether residents or nonresidents of the Commonwealth, and they shall pay the amounts apportioned against them.

"Section 3. General Rules.—(a) Powers of Testator or Settlor. A testator, settlor, or possessor of any

appropriate power of appointment may direct how the estate tax shall be apportioned or allocated or grant a discretionary power to another so to direct. Any such direction shall take precedence over the provisions of this act insofar as the direction provides for the payment of the estate tax or any part thereof from property, the disposition of which can be controlled by the instrument containing the direction or delegating the power to another".

With respect to the payment of Pennsylvania transfer inheritance tax, it was sufficient for the objector to show that decedent's will did not expressly or by implication contain a requirement that the devisees contribute their proportionate share of such taxes. However, with respect to payment of a portion of the Federal estate tax, the aforesaid provisions of the Estate Tax Apportionment Act of 1951 impose on the objector the burden of demonstrating that decedent expressly or by implication *freed* the devisees from their obligation to contribute equitably their portion of Federal estate tax.

It is the opinion of this court that the objector has not met his burden on the issue of payment of Federal estate tax. Counsel for Dr. Stewart has argued that testatrix, by exonerating from payment of Federal death taxes the pecuniary bequests in one of the first articles of her will, intended that the exoneration clause should also apply to all subsequent nonresiduary legacies or devises. But this argument completely disregards the structure of decedent's will, which placed pecuniary legacies in one section and the devise of real estate in a separate section.

III. *Are the specific legacies contained in the codicil to decedent's will free and clear from all Federal and State death taxes?*

The introductory paragraphs to the codicil of decedent's will provide:

"While I am alive and fully aware of what I am saying, I wish to dictate to my niece, my desire for the disposal of my personal property; which is not covered by my Will.

"I do not want my personal property to become part of my estate and freely make gifts of the following ... [Personal property]".

A reading of such introductory paragraphs has convinced the court that it was decedent's intent to free the bequests made in the codicil from any obligation to contribute towards payment of death taxes. The court finds the following phrase particularly persuasive in this respect:

"I do not want my personal property to become part of my estate and freely make gifts of the following ..."

In summary, the contentions of accountants are sustained, except with regard to the obligation of the devisees to contribute towards the payment of Pennsylvania transfer inheritance tax. With respect to this one issue, the objections of Dr. Stewart are sustained. The balance of the doctor's objections are hereby dismissed. . . .

Done this 8th day of March, 1967.